

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-11-415

| | |
|---|---|
| | **Opinion Delivered** November 19, 2014 |
| EDWARD ANTHONY LIGGINS<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. CR-09-1147] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CINDY THYER, JUDGE |
| | REBRIEFING ORDERED; TERESA BLOODMAN RELIEVED AS COUNSEL; ROBBY GOLDEN APPOINTED TO REPRESENT APPELLANT |

**WAYMOND M. BROWN, Judge**

A Craighead County jury found appellant Edward Anthony Liggins guilty of first-degree murder and first-degree battery. He was sentenced to forty years' imprisonment for first-degree murder; however, his sentence was enhanced by fifteen years and ten years, respectively, for employing a firearm and for committing the crime in the presence of a child.[1] The sentence plus the enhancements were to run consecutively, for an aggregate sentence of sixty-five years' imprisonment. He was sentenced to twenty-years' imprisonment for first-

---

[1]Ark. Code Ann. § 16-90-120 and Ark. Code Ann. § 5-4-702 (Supp. 2013).

SLIP OPINION

degree battery. This sentence was to run concurrently to the sixty-five-year sentence.[2] Liggins subsequently filed a motion for a new trial. His motion was denied. He timely filed his notice of appeal.

Liggins argues on appeal that (1) the trial court erred by not ordering a mistrial when, during the penalty phase, a victim-impact witness improperly recommended to the jury that he receive a sentence of life without parole; (2) the trial court abused its discretion by not correcting the actions of trial counsel and the prosecutor when they read jury instructions during voir dire; (3) Liggins was denied counsel of his choice when the trial court refused to grant a continuance to allow Liggins's appellate counsel the opportunity to enter her appearance and prepare for trial; (4) the trial court committed reversible error when it insisted that Liggins continue to be represented by his trial counsel after Liggins clearly and unequivocally asserted his constitutional right to represent himself, thereby denying him his right to self-representation; (5) the trial court abused its discretion by denying Liggins's motion for new trial because his trial counsel's performance was deficient in that he abdicated his duty as counsel as guaranteed by the Sixth Amendment; (6) the trial court erred in denying Liggins's motion for directed verdict, because there was insufficient evidence to support his first-degree-murder conviction; (7) the trial court erred by imposing an illegal sentence when it did not sentence Liggins in accordance with Ark. Code Ann. §§ 5-1-103(a)[3] and 5-4-

---

[2]His probation on an underlying offense was also revoked and he was sentenced to thirty-years' imprisonment to run concurrently to the above convictions. However, the revocation is not an issue in this appeal.

[3](Repl. 2006).

104(a)[4]; (8) the trial court erred in denying Liggins's motion to suppress statements made while he was in police custody; and (9) the trial court erred by imposing an illegal sentence when it ran the forty-year jury verdict, the fifteen-year firearm enhancement, and the ten-year enhancement for committing a felony in the presence of a child consecutively. We do not reach the merits of Liggins's arguments due to deficiencies in his abstract, addendum, and brief.[5] We must again order rebriefing.

We do not know why Ms. Bloodman has persistently failed to comply with Arkansas Supreme Court Rule 4-2 and prior orders in this case.[6] Justice requires that we relieve Ms. Bloodman as appellant's counsel. We appoint Robby Golden to represent Liggins in this appeal.

Rebriefing ordered; Teresa Bloodman relieved as counsel; Robby Golden appointed to represent appellant.

WYNNE and GRUBER, JJ., agree.

*Teresa Bloodman*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

---

[4](Supp. 2013).

[5]This is the third time this case has been before us. We have twice ordered rebriefing due to deficiencies in Liggins's brief and addendum. *Liggins v. State*, 2012 Ark. App. 555; *Liggins v. State*, 2014 Ark. App. 181.

[6]Bloodman received three extensions before resubmitting this last appeal, yet the brief she filed is still noncompliant.