Cite as 2020 Ark. App. 332

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–19-943

| | |
|---|---|
| | **Opinion Delivered** June 3, 2020 |
| JAMES THEODORE LIVSEY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-586]<br><br>HONORABLE BRENT HALTOM, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

A Miller County Circuit Court jury found James Livsey guilty of domestic battering in the second degree, and he was sentenced to thirty years' imprisonment. Livsey's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) (2019), along with a motion to withdraw as counsel, asserting that there are no issues of arguable merit for an appeal. Livsey was notified by certified mail of his right to file pro se points for reversal but has not done so. Therefore, the State has not filed a brief. We grant the motion to withdraw and affirm Livsey's conviction.

The State charged Livsey with domestic battering in the second degree after an altercation with his mother, Wanda Livsey, that occurred on 9 August 2018. The criminal information was later amended to charge Livsey as a habitual offender. The evidence presented at a jury trial established that Livsey assaulted his sixty-eight-year-old mother by shoving her several times, resulting in a fractured sternum and contusions on her neck and

arms. Specific facts relating to any adverse rulings will be discussed below.

Because this is a no-merit appeal, counsel is required to list each ruling adverse to the defendant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, 386 U.S. at 744; Ark. Sup. Ct. R. 4-3(k)(1); *Eads v. State*, 74 Ark. App. 363, 47 S.W.3d 918 (2001). The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Anders*, *supra*; *Eads*, *supra*. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

In his argument, counsel identifies fourteen adverse rulings and explains why each would not provide a meritorious argument on appeal. First, as to the sufficiency of the evidence, counsel explains that Livsey moved for a directed verdict based on the State's failure to prove that the incident had occurred in Miller County. This motion and its renewals were denied, with the court noting that several witnesses had testified that the events happened in Miller County. Appellate counsel concurs that several witnesses confirmed that the assault happened in Miller County, including the responding police officers and Ms. Livsey, so any argument based on the denial of the motion for directed verdict would be wholly frivolous.

The second adverse ruling discussed by counsel is the circuit court's denial of a motion in limine to prevent hearsay testimony. The circuit court denied the motion because it could not predict what might be testified to before trial, and it advised counsel to object at the proper time during the trial, at which time the court would rule on the

2

objection. Appellate counsel explains that because the circuit court had no specific objection to rule on regarding a hearsay violation, Livsey was not prejudiced by the denial of the motion in limine; thus, it cannot provide a meritorious point for reversal.

The next adverse ruling occurred during Officer Richard Patterson's testimony; he was one of the responding officers on the morning after the incident. The State asked Patterson what Ms. Livsey had said to him, and the defense objected on hearsay and confrontation-clause grounds because Ms. Livsey had not yet testified. The circuit court ruled that the testimony fell under the excited-impressions exception to the hearsay rule and that Ms. Livsey was scheduled to testify later, so any confrontation-clause issue would be remedied. Moreover, defense counsel asked for and was granted a limiting instruction to the jury on the hearsay exception. Appellate counsel contends that the circuit court did not abuse its discretion in making this ruling because the victim's testimony did fall under the excited-utterance hearsay exception found in Ark. R. Evid. 803(2) (2019) and because Ms. Livsey testified and was thoroughly cross-examined. Thus, appellate counsel concludes that "[i]t is difficult to see how appellant was prejudiced" by the court's rulings, and the point is not a meritorious ground for reversal.

Next, appellate counsel discusses the circuit court's overruling defense counsel's objection to a witness reading into the record from Ms. Livsey's medical records. Tracy Wade, the custodian of medical records at Christus T. Michael Hospital where Ms. Livsey was treated, was called as a witness, and Ms. Livsey's medical records were admitted into evidence without objection. But when the State asked Wade to read from the records, defense counsel objected because Wade had not treated and diagnosed Ms. Livsey. The

3

circuit court ruled that the records had been admitted without objection and that the State could call anyone it chose to read the records. The court offered to admonish the jury that Wade was not a doctor and had not treated Ms. Livsey, and defense counsel accepted the offer. Appellate counsel explains that the circuit court's admonition clearly addressed defense counsel's objection and presents no meritorious ground for reversal.

The fifth adverse ruling occurred during Ms. Livsey's testimony when the State sought to introduce photographs of Ms. Livsey's injuries that she had taken on her cell phone. Defense counsel objected on "multiplicity" grounds—which we take to be a cumulative-evidence objection—because the State had already admitted photographs taken by Officer Patterson the morning of the incident. Counsel also objected on reliability grounds, arguing that the pictures had been taken on August 12, approximately two days after the incident. Ms. Livsey testified that she had sustained no additional injuries between the night of the 9th and the 12th, when she took the photos. The circuit court overruled the objection on both grounds. Appellate counsel explains that the fact that the photographs may have been cumulative was not, standing alone, a sufficient ground to exclude them and that generally photographs are admissible if they assist the trier of fact by shedding light on some issue, proving an element of the case, corroborating testimony, or enabling jurors to better understand the testimony. *Barnes v. State*, 346 Ark. 91, 55 S.W.3d 271 (2001). Counsel asserts that the admission of the photographs cannot provide a meritorious ground for reversal.

Counsel next discusses the State's relevance objection during Ms. Livsey's cross-examination. Defense counsel asked Ms. Livsey about her nightly routine, the State

4

objected, and the court inquired as to the relevance, to which defense counsel responded he was "just trying to find out if it is usual for her to watch T.V. at this hour." The court instructed defense counsel to "[j]ust ask her what her normal T.V. habits are." Ms. Livsey testified that she normally watched television around that time. Appellate counsel states that this was technically not an adverse ruling because the defense received Ms. Livsey's answer about when she normally watches television in the evening. Thus, this cannot provide a meritorious ground for reversal.

Appellate counsel next discusses a similar relevance objection during Ms. Livsey's cross-examination after defense counsel asked her if she ever drinks. The circuit court asked the relevance; defense counsel said it pertained to the events on the night in question. The court instructed defense counsel to confine his questions to that night. Ms. Livsey testified that she did not have anything to drink on the night of August 9. Again, appellate counsel explains that defense counsel received the answer to his question, so the defense cannot show any abuse of discretion by the circuit court or any prejudice. Thus, the point would not provide a meritorious argument on appeal.

Yet another relevance objection occurred during Ms. Livsey's testimony, when defense counsel asked whether Livsey had any belongings in her garage at the time of the battering. The circuit court agreed with the State that the question was not relevant. Appellate counsel explains that to prove Livsey committed domestic battering in the second degree, the State had to prove that he knowingly caused physical injury to a family member that he or she knows to be sixty years of age or over or twelve years of age or younger. Thus, whether Livsey had belongings in his mother's garage had no relevance to the

5

elements of the crime. Appellate counsel states that no meritorious argument for reversal can be made based on an abuse of discretion on this point.

The ninth adverse ruling occurred during Livsey's direct testimony wherein the State objected on hearsay grounds to Livsey's testifying to what a police officer said to him the morning after the incident. The court sustained the objection, and defense counsel said, "Okay." Appellate counsel explains that the statement made to Livsey by the police officer was hearsay and generally inadmissible, and defense counsel did not argue that any of the hearsay exceptions applied. So the circuit court did not abuse its discretion, and no meritorious argument based on this point could be made on appeal.

Also during Livsey's direct examination, he was asked about past episodes of violence when he drank, and he testified that he was taught how to box as a kid and that his dad used to beat his mom. The State objected on relevance grounds, and the circuit court admonished defense counsel to make his point. Appellate counsel explains that this was not really an adverse ruling, as Livsey did testify about his previous crimes and problems with alcohol, so any argument based on the circuit court's ruling could not provide a meritorious point on appeal.

Next, appellate counsel examines the circuit court's ruling on a speculation objection during Livsey's cross-examination. The State asked Livsey about his behavior during his mother's testimony, and he said he cried "along with her" because he had not seen her in a year. The State posited that he had cried because he made his mother "tell these twelve people that [he] beat her up." Defense counsel objected based on speculation, but the circuit court answered, "Cross examination. If he didn't feel that way he can tell her. Try

6

to put it in the form of a question, Ms. Mitchell." Instead, the State moved on to other questions, and the matter was not raised again. Appellate counsel contends that in this context, the circuit court's ruling was not adverse to Livsey and could not be a meritorious point for reversal of his conviction.

Next, during the State's closing, State's counsel referred to Livsey as an "ungrateful bully," to which defense counsel objected that it was an improper characterization of the defendant. The court ruled that "ungrateful" was a comment on behavior, not name-calling, and overruled the objection. Later, the State mentioned the testimony of Nathan Ogden, a friend of Livsey's who had testified and stated that Livsey's mother had been the aggressive one. Again, the defense objected that the State was mischaracterizing the testimony, but the court found that "[t]he jury can remember the facts about who said what." Appellate counsel explains that expressions of opinion by counsel in closing argument are not reversible error unless they purposely arouse passion and prejudice. Counsel contends that the circuit court did not abuse its discretion in allowing the State's counsel's comments during closing argument in this case because they were not made with the purpose of arousing passion in the jury. Counsel argues that there is no meritorious ground for reversal based on this point.

Finally, during the sentencing phase, defense counsel attempted to ask Ms. Livsey what she had told police on the morning after the altercation (that she did not want her son to go to jail). The State objected because the question "invade[d] the purview of the jury." The court sustained the objection, noting that the matter had already been discussed during the guilt phase of the trial. Defense counsel asked Ms. Livsey whether she was "asking the

jury to show mercy and leniency or [was she] asking them to go with their gut?" Ms. Livsey said that she did not know and that she was afraid of her son. Defense counsel then asked, "But as far as leniency or asking the jury to go with their gut—," at which point the State objected and said, "[T]hat has been asked and answered." The court agreed, and the defense presented no further questions. Appellate counsel addresses these two objections as one point and argues that the circuit court did not abuse its discretion in upholding the State's objection to defense counsel's asking the witness what she told the police regarding Livsey's sentencing. Counsel asserts that defense counsel was able to ask the question he wished to ask, and the circuit court did not act improvidently or without due consideration. So no meritorious argument for reversal can be based on this point on appeal.

Also during Ms. Livsey's testimony during the sentencing phase, she testified that Livsey had sent her a text message in December 2018. When defense counsel asked the content of that text, Ms. Livsey answered, "How are you." The State objected on hearsay grounds, and the circuit court asked defense counsel the relevance of the information. Defense counsel said it was for possible mitigation, but he had not been previously aware of what the text said. Defense counsel ultimately withdrew the question. Appellate counsel argues that the circuit court did not abuse its discretion in questioning defense counsel's alleged mitigation evidence, and because the question was withdrawn by Livsey, any ruling by the circuit court cannot support a meritorious point for reversing the conviction.

From our review of the record and the brief presented to us, we agree with counsel that the adverse rulings in this case present no meritorious ground for reversal. We therefore affirm the sentence and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN and HIXSON, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

One brief only.