Cite as 2021 Ark. App. 17

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–19–860

|  |  |
|---|---|
| STEPHON TYRONE HARRIS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 13, 2021<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-16-688]<br><br>HONORABLE JOHN HOMER WRIGHT,<br>JUDGE<br><br>REBRIEFING AND SUPPLEMENTAL ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |

## WAYMOND M. BROWN, Judge

Appellant Stephon Harris pled guilty to the September 2016 first-degree murder of Tyler Donaldson.[1]  He was sentenced by a Garland County jury to forty years' imprisonment.  Pursuant to *Anders v. California*,[2] and Rule 4-3(k)[3] of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit.  The clerk of our court

---

[1]As a result of his plea, three attempted first-degree-murder charges and a first-degree-battery charge were nolle prossed.

[2]386 U.S. 738 (1967).

[3](2020).

furnished appellant with a copy of his counsel's brief and notified him of his right to file pro se points for reversal within thirty days. Appellant did not file any points. We order rebriefing and deny counsel's motion to withdraw.

Generally, a defendant has no right to appeal from a plea of guilty.[4] A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea;[5] and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial court sat as the trier of fact during that phase.[6]

Appellant did not enter a conditional plea; and his forty-year sentence for a Class Y felony was within the statutory limits[7] and thus could not present an issue that could be raised for the first time on appeal. However, appellant's appeal falls within the third exception and is properly before us. During appellant's sentencing hearing, the court sustained two hearsay objections made by the State. Counsel has failed to abstract these adverse rulings or address why these rulings present no meritorious ground for reversal.

---

[4]Ark. R. App. P.–Crim. 1(a) (2020).

[5]*See Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.

[6]*King v. State*, 2013 Ark. App. 342.

[7]Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2013).

A request to withdraw because the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal.[8] If a no-merit brief fails to address all adverse rulings, it will be sent back for rebriefing.[9] The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw.[10] Because counsel failed to abstract or address the adverse rulings made against appellant during the sentencing hearing, we order rebriefing.

Furthermore, review of the addendum shows that counsel failed to include appellant's request to extend the time to file the record on appeal or the court's order granting the request. Arkansas Supreme Court Rule 4–2(a)(8)[11] requires the appellant's brief to contain an addendum consisting of all documents in the record that are essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal. Without a proper order extending appellant's time to file the appellate record, this court lacks jurisdiction to hear the appeal. The documents are in the record; therefore, counsel needs to ensure that they are also included in the addendum.

---

[8]Ark. Sup. Ct. R. 4–3(k)(1) (2020).

[9]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

[10]*Id.*

[11](2020).

The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review *Anders* and Supreme Court Rule 4–3(k) for the requirements of a no-merit brief as well as Rule 4–2(a) for the required contents of the addendum. Counsel has fifteen days from the date of this opinion to file a substituted brief and addendum.[12] After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing and supplemental addendum ordered; motion to withdraw denied.

HARRISON, C.J., and GLADWIN, J., agree.

*T. Clay Janske*, Garland County Deputy Public Defender, for appellant.

One brief only.

---

[12]Ark. Sup. Ct. R. 4–2(b)(3).