Cite as 2021 Ark. App. 164

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-20-408

| | | |
|---|---|---|
| DARRIS WILLIAMS | | **Opinion Delivered:** April 14, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CR-19-190] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HAMILTON H. SINGLETON, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## STEPHANIE POTTER BARRETT, Judge

Darris Williams was convicted by a jury of one count of possession of a controlled substance (cocaine), greater than two grams, but less than ten grams, and sentenced to fourteen years imprisonment. On appeal, Williams's counsel has filed a no-merit brief along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal.[1] Williams was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Ark. Sup. Ct. R. 4-3(b). No pro se points for reversal were filed. We affirm and grant counsel's motion to withdraw.

---

[1]This was an electronic record and governed by the rules in accordance with *In re Acceptance of Records on Appeal in Elec. Format & Elimination of the Abstracting & Addendum Requirements*, 2019 Ark. 213 (per curiam).

In April 2019, Williams was charged with possession of a controlled substance. At a jury trial held on February 24, 2020, captain Carl Nichols of the El Dorado Police Department testified that on April 11, 2019, he received information that Williams had an outstanding child-support warrant and believed he knew where to locate Williams. Nichols found Williams in a Cadillac that had been parked in a driveway of an abandoned house behind Buck's Liquor Store. Nichols testified that Williams was sitting in the front seat of the car and the keys were in the ignition. Williams appeared sweaty when Nichols approached him. Nichols smelled marijuana as he approached the vehicle. He instructed Williams to exit the vehicle, turn around, and place his hands behind his back, and he was taken into custody without incident.

Lieutenant Jarod Primm arrived on scene after Williams was in custody. Primm searched the driver's side of the vehicle and found what he believed to be crack cocaine in a small cellophane bag above the driver's-side visor. The officers also found crack cocaine inside a red truck parked close to Williams's vehicle. Nichols testified that nothing found in the search of the red truck was attributed to Williams and that the substances were kept separate and apart. Primm collected the bag from Williams's vehicle and took it to the police department. The bag was transported to the state crime lab where it was later determined that it contained 5.7317 grams of cocaine.

At the close of the State's case, Williams moved for a directed verdict, arguing that the State had failed to prove that Williams was in possession of the cocaine because there were two samples of drugs taken from the scene and only one was sent to the crime lab for

analysis. The State responded to the directed-verdict motion by arguing that it had presented sufficient evidence to support the State's case. The motion was denied.

Williams testified on his own behalf. He admitted that it was his crack cocaine inside the vehicle. However, he denied that he had the amount alleged by the police or that he had paid for the amount of cocaine found. He also admitted that he had an outstanding child-support warrant. Williams argued that the officers had swapped the drugs found in the vehicle next to his out with the drugs found in his vehicle.

At the close of the defense's case, Williams renewed the motion for directed verdict and conceded that Williams admitted having the drugs, just not the amount he was accused of having, which was denied. The jury found Williams guilty of possession of a controlled substance, and he was sentenced as a habitual offender to fourteen years' imprisonment.

Williams's appellate counsel has filed a no-merit brief under *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(b) (2020), along with a motion to withdraw on the ground that this appeal is wholly without merit. In a no-merit appeal, counsel is required to list all rulings adverse to appellant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, *supra*; Ark. Sup. Ct. R. 4–3(b). The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Livsey v.* State, 2020 Ark. App. 332, 602 S.W.3d 770. Pursuant to *Anders*, *supra*, we are required to fully examine all the proceedings to determine whether the case is wholly frivolous.

Counsel first addresses the circuit court's denial of Williams's motions for directed verdict. This court treats a motion for directed verdict as a challenge to the sufficiency of

the evidence. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Smith v. State*, 346 Ark. 48, 55 S.W.3d 251 (2001). Counsel explains that the denial of the motions for directed verdict do not provide a meritorious ground for reversal because there was substantial evidence to support the jury's verdict.

Arkansas Code Annotated section 5-64-419 provides:

(a) Except as provided for in this chapter, it is unlawful for a person to possess a controlled substance.

(b) A person who violates this section with respect to:

(1) A Schedule I or II controlled substance that is methamphetamine or cocaine with an aggregate weight, including an adulterant or diluent, of:
. . .
(B) Two grams (2g) or more but less than ten grams (10g) upon conviction is guilty of a Class C felony.

Ark. Code Ann. § 5-64-419 (Repl. 2016). Captain Nichols testified that after learning about Williams's whereabouts with knowledge of his outstanding child-support warrant, he approached Williams sitting in a parked vehicle. He testified that he smelled marijuana when he approached the vehicle and that Williams appeared sweaty. After Williams was placed into custody, Lieutenant Primm searched Williams's vehicle and located a small cellophane bag above the driver's-side visor that contained a substance that later tested positive for cocaine. The State also presented evidence that the substance in the bag was 5.7 grams of cocaine. Moreover, Williams admitted having the cocaine in his possession. Because substantial evidence was presented at trial of the offense of possession of a controlled substance, the circuit court was correct in denying Williams's motions for directed verdict. Therefore, the issue provides no basis for appeal.

4

Counsel next discusses a third adverse ruling involving the inclusion of a nonmodel jury instruction by the defense to address Williams's admission to having drugs on him but not in the amount he was charged with possessing. The State opposed this arguing it would confuse the jury. The circuit court asked defense counsel if they had a transitional instruction. Defense counsel stated they did not have one. The circuit court stated, "Then we're not going to get there if you don't have it." On appeal, counsel contends that this ruling cannot provide a meritorious basis for reversal because it was not preserved for argument on appeal. Defense counsel failed to proffer the potential jury instruction. In order to preserve an objection to the circuit court's failure to give an instruction, Williams's attorney must have made a proffer of the proposed instruction to the court. *Jackson v. State*, 2018 Ark. App. 222, 547 S.W.3d 753. An instruction that is not contained in the record is not preserved and will not be addressed on appeal. Accordingly, this issue is not preserved for appeal.

Finally, counsel mentions the circuit court's denial of Williams's counsel's request to defer sentencing for at least one week in order for Williams to get his affairs in order. The circuit court did not respond to this request and proceeded to sentence him as a habitual offender to fourteen years. It is the court's function to impose a sentence, and it is the court's obligation to exercise its discretion in the imposition of that sentence. *Brown v. State*, 82 Ark. App. 61, 110 S.W.3d 293 (2003). The defense did not obtain a ruling; thus, this issue is not preserved for appeal. *Vaughn v. State*, 338 Ark. 220, 992 S.W.2d 785 (1999).

From our review of the record and the briefs presented, we find compliance with *Anders* and Rule 4–3(b) and hold that the appeal is without merit. Accordingly, we affirm the conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ABRAMSON and VAUGHT, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

One brief only.