Cite as 2021 Ark. App. 254

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–19–860

| | |
|---|---|
| | **Opinion Delivered:** May 19, 2021 |
| STEPHON TYRONE HARRIS | |
| APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-16-688] |
| V. | |
| STATE OF ARKANSAS | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| APPELLEE | REBRIEFING AND SUPPLEMENTAL ADDENDUM ORDERED; MOTION TO WITHDRAW DENIED |

## WAYMOND M. BROWN, Judge

Appellant Stephon Harris pled guilty to the September 2016 first-degree murder of Tyler Donaldson.[1]  He was sentenced by a Garland County jury to forty years' imprisonment.  Pursuant to *Anders v. California*,[2] and Rule 4-3(k)[3] of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit.  The clerk of our court furnished appellant with a copy of his counsel's brief and notified him of his right to file pro

---

[1]As a result of his plea, three attempted first-degree-murder charges and a first-degree-battery charge were nolle prossed.

[2]386 U.S. 738 (1967).

[3](2020).

se points for reversal within thirty days. Appellant did not file any points. Due to deficiencies, we again order rebriefing and deny counsel's motion to withdraw.[4]

Even though appellant pled guilty to the underlying charges, he can still challenge evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial court sat as the trier of fact during that phase.[5] During appellant's sentencing hearing, the court sustained two hearsay objections made by the State. Although counsel has abstracted these adverse rulings, he has failed to offer any substantive explanation on why these rulings present no meritorious ground for reversal. Counsel merely states that under Arkansas Rule of Civil Procedure 803, each "objection was properly sustained" because neither one falls under "one of the allowable exceptions." This is not the type of explanation contemplated by *Anders* or our rules.[6] Therefore, we order rebriefing.

Furthermore, counsel has again failed to include appellant's request to extend the time to file the record on appeal or the court's order granting the request. Instead of including the above documents, counsel has included a motion and an order allowing an extension to file the appellate brief. Arkansas Supreme Court Rule 4–2(a)(8)[7] requires the appellant's brief to contain an addendum consisting of all documents in the record that are

---

[4]This is the second time this case has been before us. We initially ordered rebriefing and a supplemental addendum after deficiencies were noted. *See Harris v. State*, 2021 Ark. App. 17.

[5]*King v. State*, 2013 Ark. App. 342.

[6]*See Anders*, *supra*; Ark. Sup. Ct. R. 4–3(k)(1) (2020).

[7](2020).

2

essential for the appellate court to confirm its jurisdiction, understand the case, and decide the issues on appeal. Without a proper order extending appellant's time to file the appellate record, this court lacks jurisdiction to hear the appeal. The documents are in the record; therefore, counsel needs to ensure that they are also included in the addendum.

The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review *Anders* and Supreme Court Rule 4–3(k) for the requirements of a no-merit brief as well as Rule 4–2(a) for the required contents of the addendum.[8] Counsel has fifteen days from the date of this opinion to file a substituted brief and addendum.[9] After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made. Failure to file a brief that complies with this court's order within the allowed time may result in counsel being removed from this case and replaced by an attorney of this court's choosing.[10]

Rebriefing and supplemental addendum ordered; motion to withdraw denied.

GLADWIN and VAUGHT, JJ., agree.

*T. Clay Janske*, Deputy Public Defender, for appellant.

One brief only.

---

[8]In the certificate of service, counsel has listed Dustin McDaniel as the attorney general; however, Mr. McDaniel has not worked in that capacity since 2015. Therefore, that will also need to be corrected.

[9]Ark. Sup. Ct. R. 4-2(b)(3).

[10]*See Liggins v. State*, 2014 Ark. App. 671.