Cite as 2021 Ark. App. 313

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-20-544

| | | |
|---|---|---|
| JERRY WAYNE SHINN | | **Opinion Delivered** September 1, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-16-233] |
| V. | | |
| | | HONORABLE DAN RITCHEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

**PHILLIP T. WHITEAKER, Judge**

Jerry Shinn appeals a Crittenden County Circuit Court order revoking his probation and sentencing him to a total of ten years in the Arkansas Department of Correction followed by five years' suspended imposition of sentence. Shinn's counsel has filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(k), contending that there are no issues of arguable merit to raise on appeal.[1] Counsel has also submitted a brief in which he contends that all adverse rulings have been abstracted and discussed. We disagree. Our review of the record reveals that there was an additional adverse ruling that was neither abstracted nor discussed by counsel, and we must

---

[1]The clerk of our court notified Shinn of counsel's motion and brief and advised him of his right to file pro se points. Shinn submitted pro se points to which the State responded. Because of our decision to order rebriefing, however, we do not address Shinn's pro se points at this time.

therefore deny counsel's motion to withdraw and order rebriefing because of counsel's noncompliance with Rule 4–3(k).

In June 2016, Shinn pled guilty and was sentenced to seventy-two months' probation in each of two separate criminal dockets.[2] In June 2018, he pled guilty and was sentenced to 180 days in the county jail and thirty-six months' probation in a separate criminal docket.[3] In each case, Shinn was given terms and conditions of probation that required him to pay all fines, court costs, and fees as ordered by the court; live a law-abiding life and not violate any state, federal, or municipal law; not possess firearms; submit to drug testing; and report to his probation officer as directed.

In June 2020, the State filed a petition to revoke Shinn's probation in all three cases. In its petition, the State alleged that Shinn had violated the conditions of his probation by failing to pay his fines, fees, and costs as directed; by failing to live a law-abiding life; and by violating state, federal, or municipal laws. More specifically, the State alleged that Shinn had been charged with the new offenses of possession of methamphetamine with purpose to deliver, possession of a firearm by certain persons, and simultaneous possession of drugs and a firearm in case number CR-2020-9 in the Crittenden County Circuit Court and the offense of fleeing in case number CR-2020-333.

---

[2]In case number CR–2016–233, he pled to one count of possession of methamphetamine with intent to deliver, a Class B felony, and in case number CR–2016–527, he pled to one count of possession of a controlled substance, a Class D felony.

[3]In case number CR–2017–1141, he pled to one count of possession of drug paraphernalia, also a Class D felony.

The circuit court held a hearing on the State's petition to revoke. At the hearing, the State introduced without objection a payment ledger showing that Shinn had made zero payments toward his fines, fees, and costs. The State then presented evidence concerning Shinn's alleged criminal activity in case numbers CR–2020-9 and CR–2020-333. Finally, the State called Shinn's probation and parole officer, Tiffany Townsel, who testified that Shinn had reported to her only four times, had tested positive for drugs multiple times, and had made only two $35 payments on his probation fees.

At the conclusion of the State's evidence, Shinn moved to dismiss the revocation petition, which the court denied. Shinn then testified on his own behalf. In his testimony, Shinn made several admissions. He admitted that he had failed to pay as directed but contended that he did not have the ability to pay. He admitted to having possessed a gram of methamphetamine in case number CR–2020-9 but denied having possessed a firearm. As to case number CR–2020-333, he admitted that he had been driving a car that was pulled over for fleeing and that he was under the influence of meth at the time of his arrest. Shinn told the court that he had a drug problem but had never been to rehab. Shinn requested that if the court revoked his probation, he be ordered to go to rehab.

At the conclusion of his testimony, Shinn rested and renewed his motion to dismiss, which was again denied by the court. The circuit court then found that the State had proved by a preponderance of the evidence that Shinn violated the terms and conditions of his probation. During sentencing, Shinn's trial counsel advised the court that Shinn had been accepted into a rehabilitation program and asked the court to defer sentencing until Shinn could avail himself of the program. The court, however, declined the request for deferred

3

sentencing. Instead, the court sentenced Shinn to three years in the Arkansas Department of Correction in case number CR-2016-527, three years in case number CR-2017-1141, and ten years in case number CR-2016-233 followed by five years' suspended imposition of sentence, a condition of which was a minimum of six months in an inpatient rehabilitation program.[4] Following entry of a sentencing order, Shinn timely filed a notice of appeal.

As noted above, Shinn's appellate counsel has filed a no-merit brief under *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(k) (2020), along with a motion to withdraw on the ground that this appeal is wholly without merit. In a no-merit appeal, counsel is required to list all rulings adverse to appellant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, *supra*; Ark. Sup. Ct. R. 4-3(k)(1). The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *Livsey v. State*, 2020 Ark. App. 332, 602 S.W.3d 770. Here, counsel has addressed in his brief the circuit court's revocation of Shinn's probation and two additional evidentiary rulings that were adverse to Shinn.[5]

Pursuant to *Anders*, however, we are required to fully examine all the proceedings to determine whether the case is wholly frivolous. *Williams v. State*, 2021 Ark. App. 164. In

---

[4]We note that the court's sentencing order reflects five years' suspended imposition of sentence with inpatient rehabilitation as a condition, but the record fails to contain a separate written document listing any conditions of suspension.

[5]Counsel also addresses two other objections that were raised on Shinn's behalf at the hearing; the court ruled in Shinn's favor on both objections, however, and these are thus not adverse rulings that need to be addressed in a no-merit brief.

our review of the record, we have determined that counsel has failed to abstract and address one additional adverse ruling: Shinn's request for rehab rather than prison.

In *Joyner v. State*, 2021 Ark. App. 11, we denied counsel's motion to be relieved and ordered rebriefing when counsel failed to address the circuit court's denial of appellant's request during her testimony to send her to rehab rather than to prison. Similarly, in *Pettigrew v. State*, 2019 Ark. App. 336, we ordered rebriefing when counsel did not address the circuit court's failure to grant the appellant's request for reinstatement of his probation or for drug court. Likewise, here, counsel has failed to explain why the circuit court's rejection of Shinn's request to be sent to rehab would not be a meritorious ground for reversal.

Counsel is encouraged to review *Anders*, *supra*, and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2(b)(3).

Motion to withdraw denied; rebriefing ordered.

ABRAMSON and GLADWIN, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.