Cite as 2021 Ark. App. 465

# ARKANSAS COURT OF APPEALS
## DIVISION II
**No.** CR–19–860

|  |  |
|---|---|
| | **Opinion Delivered** November 17, 2021 |
| STEPHON TYRONE HARRIS<br>APPELLANT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-16-688] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

Appellant Stephon Harris pled guilty to the September 2016 first-degree murder of Tyler Donaldson.[1]  He was sentenced by a Garland County jury to forty years' imprisonment.  Pursuant to *Anders v. California*,[2] and Rule 4-3(k)[3] of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that the appeal is wholly without merit.  The clerk of our court furnished appellant with a copy of his counsel's brief and notified him of his right to file pro

---

[1]As a result of his plea, three attempted first-degree-murder charges and a first-degree-battery charge were nolle prossed.

[2]386 U.S. 738 (1967).

[3](2020).

se points for reversal within thirty days. Appellant did not file any points. We affirm appellant's sentence and grant counsel's motion to withdraw.[4]

Generally, a defendant has no right to appeal from a plea of guilty.[5] A defendant may appeal from a guilty plea under three limited exceptions: (1) a conditional guilty plea under certain specified circumstances pursuant to Arkansas Rule of Criminal Procedure 24.3(b); (2) when the assignment of error is from a sentence or sentencing procedure that was not an integral part of the acceptance of the plea;[6] and (3) an appeal from a guilty plea when the issue on appeal is one of evidentiary errors that arose after the plea but during the sentencing phase of the trial, regardless of whether a jury was impaneled or the trial court sat as the trier of fact during that phase.[7]

Appellant did not enter a conditional plea; and his forty-year sentence for a Class Y felony was within the statutory limits[8] and thus could not present an issue that could be raised for the first time on appeal. However, appellant's appeal falls within the third exception. During appellant's sentencing hearing, the court sustained two hearsay objections made by the State. In a no-merit appeal, counsel is required to list all rulings adverse to appellant and to explain why each adverse ruling does not present a meritorious

---

[4]This is the third time this case has been before us. We twice ordered rebriefing and a supplemental addendum after deficiencies were noted. *See Harris v. State*, 2021 Ark. App. 17; *Harris v. State*, 2021 Ark. App. 254.

[5]Ark. R. App. P.–Crim. 1(a) (2020).

[6]*See Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.

[7]*King v. State*, 2013 Ark. App. 342.

[8]Ark. Code Ann. § 5-4-401(a)(1) (Repl. 2013).

ground for reversal.[9] The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous.[10]

Counsel has listed and addressed the two adverse rulings made during appellant's sentencing hearing. A circuit court has broad discretion in evidentiary rulings, and this court will not reverse a circuit court's ruling on the introduction of evidence unless the lower court has abused that discretion.[11] The circuit court sustained two hearsay objections by the State during Officer Michael Brown's and Detective Mark Fallis's testimonies. Counsel has explained why neither of these rulings could support a meritorious basis for reversal.

From our review of the record and the brief presented to us, we agree with counsel that the adverse rulings in this case present no meritorious ground for reversal. Therefore, we affirm appellant's sentence and grant counsel's motion to withdraw.[12]

Affirmed; motion to withdraw granted.

KLAPPENBACH and GRUBER, JJ., agree.

*T. Clay Janske*, Garland County Deputy Public Defender, for appellant.

One brief only.

---

[9]*Anders*, *supra*; Ark. Sup. Ct. R. 4-3(k)(1).

[10]*Livsey v. State*, 2020 Ark. App. 332, 602 S.W.3d 770.

[11]*Worrall v. State*, 2020 Ark. App. 1, 593 S.W.3d 491.

[12]Counsel notes in the brief that appellant subsequently pled guilty to first-degree murder and a firearm enhancement in a different case and was sentenced to an aggregate term of thirty-six years' imprisonment to run consecutively to the sentence in the present case. However, this court does not consider matters outside the record. *See Polston v. State*, 2020 Ark. App. 530.