Cite as 2022 Ark. App. 10

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR-20-544

| | |
|---|---|
| JERRY WAYNE SHINN<br>APPELLANT | **Opinion Delivered** January 12, 2022<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. 18CR-16-233] |
| V. | |
| | HONORABLE DAN RITCHEY, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## PHILLIP T. WHITEAKER, Judge

Jerry Shinn appeals a Crittenden County Circuit Court order revoking his probation and sentencing him to a total of ten years in the Arkansas Department of Correction followed by five years' suspended imposition of sentence. Shinn's counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-2(k), contending that there are no issues of arguable merit to raise on appeal. In addition, the clerk of our court notified Shinn of counsel's motion and brief and advised him of his right to file pro se points. Shinn submitted pro se points to which the State has responded. We previously ordered rebriefing for counsel to address one adverse ruling that was omitted from his original brief. *Shinn v. State*, 2021 Ark. App. 313 (*Shinn I*). Counsel has now submitted a brief that complies with our rules, and we affirm the revocation of Shinn's probation and grant counsel's motion to withdraw.

We previously set out the facts of this case in *Shinn I* and therefore only briefly summarize them here. In 2016 and 2018, Shinn pled guilty in three separate criminal dockets and was sentenced to probation in each of them. In each case, Shinn was given terms and conditions of probation that required him to pay all fines, court costs, and fees as ordered by the court; live a law-abiding life and not violate any state, federal, or municipal law; not possess firearms; submit to drug testing; and report to his probation officer as directed. The State filed a petition to revoke Shinn's probation in all three cases in 2020, alleging that Shinn had violated the conditions of his probation by failing to pay his fines, fees, and costs and by committing new criminal offenses.[1] After a hearing, the circuit court revoked Shinn's probation in all three cases and sentenced him to the Arkansas Department of Correction. Shinn timely appealed.

On appeal, Shinn's appellate counsel has filed a no-merit brief under *Anders*, 386 U.S. 738, and Ark. Sup. Ct. R. 4-3(k) (2020), along with a motion to withdraw on the ground that this appeal is wholly without merit. In a no-merit appeal, counsel is required to list all rulings adverse to appellant and to explain why each adverse ruling does not present a meritorious ground for reversal. *Anders*, *supra*; Ark. Sup. Ct. R. 4-3(k)(1).

Counsel has submitted a brief that addresses the deficiency we identified in *Shinn I*. Moreover, from our review of the record and amended brief, we conclude that the abstract and addendum include all objections and motions decided adversely to Shinn, and counsel

---

[1]The State alleged that Shinn had committed new offenses of possession of a controlled substance, possession of a firearm by certain persons, simultaneous possession of drugs and a firearm, and fleeing.

adequately explains in the argument portion of his brief why there is nothing in the record that would arguably support an appeal.[2]

In addition to counsel's brief, however, Shinn has submitted pro se points for this court's review. In his points, Shinn argues the following three issues:

(1) Reversal of Revocation: The aforementioned case imposition of sentence improper due to null process and dismissal of cases in part that would nullify revocation.

(2) Excessive Sentence: Drug court, rehabilitation over incarceration, nonviolent offender. Due to overcrowding staff shortages at ADC, a reversal would be in interest of both State and appellant.

(3) Ineffective Counsel: Appellant suggest there may be a conflict of interest due to relationship of counsel and prosecution. Thus denied due process as provided by law and statute.

The State responds that this court should not address Shinn's pro se arguments because they were never presented to the circuit court and because Shinn fails to cite authority or develop his arguments in any meaningful way. Our review of the record indicates that none of these arguments were presented to the circuit court and are therefore not preserved for appeal. *See Dyas v. State*, 2020 Ark. App. 538, at 7 (holding that an argument raised for the first time by a pro se appellant in an *Anders* brief is not preserved for appeal). Accordingly, we do not address Shinn's pro se arguments.

When filing a no-merit brief, the test for counsel is not whether there is any reversible error but whether an appeal would be wholly frivolous. *See Honey v. State*, 2020 Ark. App. 496; *Wright v. State*, 2015 Ark. App. 300. Pursuant to *Anders*, however, we are required to

---

[2]Shinn admitted during his testimony that he had been in possession of methamphetamine and that he had committed the offense of fleeing.

3

fully examine all the proceedings to determine whether the case is wholly frivolous. *Williams v. State*, 2021 Ark. App. 164. From our review of the record and the brief presented to us, we find compliance with Rule 4–3(k) and conclude that there is no merit to an appeal.

Affirmed; motion to withdraw granted.

GLADWIN and HIXSON, JJ., agree.

*S. Butler Bernard, Jr.*, for appellant.

One brief only.

4